UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALFREDO CIANFANO,

         Plaintiff,

  v.

VILLAGE OF TUCKAHOE, *et al.*,

         Defendants.

No. 18-CV-7882 (KMK)

OPINION & ORDER

Alfredo Cianfano
Tuckahoe, NY
*Pro Se Plaintiff*

Michael A. Czolacz, Esq.
Rebecca J. Rosedale, Esq.
Morris Duffy Alonso & Faley
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

  Alfredo Cianfano ("Plaintiff") brings this pro se Action, pursuant to 42 U.S.C. § 1983, against the Village of Tuckahoe, the Tuckahoe Police Department, and Tuckahoe police officers John Costanzo, Ray Stabile, David Banks, and Francisco Valencia (collectively, "Defendants"), alleging various violations of his rights under federal and state law. Before the Court is Defendants' Motion To Dismiss (the "Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6). (Not. of Mot. (Dkt. No. 12).) For the reasons discussed below, the Motion is granted.

## I. Background

### A. Factual History

  The following facts are drawn principally from Plaintiff's Complaint. (Compl. (Dkt. No. 4-1).) Because the Complaint is somewhat light on factual detail, additional facts are drawn

from letters filed by Plaintiff with the Court. *See Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) ("[W]here a pro se plaintiff is faced with a motion to dismiss, a court may consider materials outside the complaint to the extent that they are consistent with the allegations in the complaint." (citation and quotation marks omitted)). The facts alleged are taken as true for the purpose of resolving the instant Motion.

On September 22, 2014, Plaintiff was struck by a car in Tuckahoe, New York. (Compl. ¶ 8.) The vehicle was operated by Elvis Ramirez ("Ramirez"), a deliveryperson for Angelina's Restaurant ("Angelina's"). (*Id.* ¶¶ 8–9.) The accident occurred "at 8:45pm," while "Ramirez was still working that evening," just "a few feet away from the front entrance of Angelina's." (Nov. 20, 2018 Letter from Alfredo Cianfano to Court ("Pl.'s First Letter") 1–2 (Dkt. No. 15).)[1]

Plaintiff commenced an action in New York Supreme Court, County of Bronx, against Angelina's and Ramirez to recover for personal injuries from the accident. (Compl. ¶ 11.) On December 1, 2017, that action was dismissed (the "State Court Opinion") following the defendants' post-discovery motion for summary judgment. (*Id.*; *see also* Decl. of Michael A. Czolacz, Esq. in Supp. of Mot. ("Defs.' Decl.") Ex. C (State Court Opinion) (Dkt. No. 13).) Plaintiff appealed, and the decision was affirmed by the Appellate Department. (*See* Defs.' Decl. Ex. D (decision affirming State Court Opinion).)

Plaintiff now brings suit against Defendants — the Village of Tuckahoe, the Tuckahoe Police Department, and four of its police officers. (Compl. ¶¶ 2–3.) Plaintiff alleges that the police officers "falsif[ied]" the police report for the accident, in an effort to "benefit the owners of Angelina's Restaurant," by "chang[ing] the time of the accident so that it would appear that

---

[1] With the exception of the Complaint, Plaintiff's filings in this case do not use consistent page numbering. The Court thus cites to the ECF-generated page numbers stamped at the top right-hand corner of each page.

the accident occurred after Elvis Ramirez got off work." (*Id.* ¶¶ 9–10; *see also* Pl.'s First Letter 3–7, 16–17 (further describing alleged falsification); Nov. 21, 2018 Letter from Alfredo Cianfano to Court ("Pl.'s Second Letter") 1–4 (Dkt. No. 16) (same).) According to Plaintiff, the falsification of the police report caused the dismissal of the state court action and thereby caused Plaintiff "economic loss." (Compl. ¶¶ 1, 11–12; *see also* Pl.'s First Letter 2 (same); Pl.'s Second Letter 3 (further describing alleged damages).)

B. Procedural History

On August 9, 2018, Plaintiff filed the instant Complaint in the Supreme Court of the State of New York, County of Westchester. (Compl.) Defendants removed the Action to this Court on September 4, 2018. (Dkt. No. 4.)

Defendants filed the instant Motion To Dismiss on October 24, 2018. (Not. of Mot.; Defs.' Decl.; Defs.' Mem. of Law. in Supp. of Mot. ("Defs.' Mem.") (Dkt. No. 14).) Plaintiff filed two letters in response on November 20 and 21, 2018. (Pl.'s First Letter; Pl.'s Second Letter.) Defendants filed a reply on December 14, 2018. (Defs.' Reply Mem. of Law in Supp. of Mot. ("Defs.' Reply") (Dkt. No. 17).) Plaintiff thereafter filed two additional letters, which, although unauthorized, will be considered as sur-replies. (May 28, 2019 Letter from Alfredo Cianfano to Court ("Pl.'s Third Letter") (Dkt. No. 18); June 11, 2019 Letter from Alfredo Cianfano to Court ("Pl.'s Fourth Letter") (Dkt. No. 19).)

II. Discussion

A. Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of

3

the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations, quotation marks, and alterations omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (quotation marks and alteration omitted). Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff need allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claim[] across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

In considering a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("In addressing the sufficiency of a complaint we accept as true all factual allegations . . . ." (quotation marks omitted)).

4

Further, "[f]or the purpose of resolving [a] motion to dismiss, the Court . . . draw[s] all reasonable inferences in favor of the plaintiff." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Where, as here, a plaintiff proceeds pro se, the "complaint[] must be construed liberally and interpreted to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (quotation marks omitted). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (quotation marks omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics and quotation marks omitted)).

Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (quotation marks and citation omitted). When a plaintiff proceeds pro se, however, the Court "may consider materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah*, 2013 WL 3972514, at *4 n.3 (citation and quotation marks omitted), including "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics omitted), statements by the plaintiff "submitted in response to [a] defendant's request for a pre-motion conference," *Jones v. Fed. Bureau of Prisons*, No. 11-CV-4733, 2013 WL 5300721, at *2 (E.D.N.Y. Sept. 19, 2013), and "documents that the plaintiff[] either possessed or knew about

and upon which [the plaintiff] relied in bringing the suit," *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000).

B. Analysis

Plaintiff principally brings claims alleging (1) violation of his Fourteenth Amendment right to due process; (2) violation of his First Amendment right of access to the courts; (3) conspiracy, under 42 U.S.C. § 1985; and (4) associated violations under New York law. (*See* Compl. ¶¶ 14–27.)[2] Defendants argue that these claims are precluded by collateral estoppel, (Defs.' Mem. 4–6), that Plaintiff otherwise fails to allege the deprivation of a constitutional right, (*id.* at 6–7), that Plaintiff fails to allege facts plausibly suggesting conspiracy, (*id.* at 7–8), that Plaintiff's state law claims are barred for failure to comply with New York's notice-of-claim requirement, (*id.* at 8), and that Plaintiff's state law constitutional claims are duplicative of his federal constitutional claims, (*id.* at 9). The Court addresses each argument separately to the extent necessary.

---

[2] In addition, Plaintiff alleges a violation of his Sixth Amendment right to a fair trial. (Compl. ¶ 30.) The Sixth Amendment applies only in criminal prosecutions. *See Turner v. Rogers*, 564 U.S. 431, 441 (2011) ("[T]he Sixth Amendment does not govern civil cases."). Because there was no criminal prosecution here, this claim must be dismissed.

Plaintiff also brings a Fourteenth Amendment equal protection claim. (Compl. ¶ 28.) To state such a claim, Plaintiff must allege, among other things, that he suffered "adverse treatment . . . compared with other similarly situated individuals." *Miner v. Clinton County*, 541 F.3d 464, 474 (2d Cir. 2008) (citation and quotation marks omitted). The Complaint identifies no other similarly situated individual. Accordingly, this claim must be dismissed. *See Carnell v. Myers*, No. 17-CV-7693, 2019 WL 1171489, at *10 (S.D.N.Y. Mar. 13, 2019) (dismissing equal protection claim where the plaintiff "failed to allege or identify a single similarly situated individual who was treated differently" (citation and quotation marks omitted)).

Finally, Plaintiff brings a claim seeking attorneys' fees pursuant to 42 U.S.C. § 1988. (Compl. ¶ 32.) That section, however, "does not grant an independent cause of action." *Artemov v. Ramos*, No. 18-CV-2537, 2018 WL 2121595, at *2 (E.D.N.Y. May 8, 2018). Further, "because Plaintiff is a pro se litigant who is not a lawyer, []he is not entitled to attorney[s'] fees under [§] 1988." *Id.* (citation omitted).

1. Collateral Estoppel

Defendants argue that the State Court Opinion, issued by the New York Supreme Court, Bronx County, bars relitigation of at least some of Plaintiff's claims. (Defs.' Mem. 4.)

"The Full Faith and Credit Act, 28 U.S.C. § 1738, . . . requires the federal court to give the same preclusive effect to a state-court judgment as another court of that State would give." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (citation and quotation marks omitted); *see also LaFleur v. Whitman*, 300 F.3d 256, 271 (2d Cir. 2002) ("A federal court must apply the collateral estoppel rules of the state that rendered a prior judgment on the same issues currently before the court."). Here, New York is the relevant state. "Under New York law, collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party[,] whether or not the tribunals or causes of action are the same." *LaFleur*, 300 F.3d at 271 (citation, quotation marks, and original alterations omitted). "When it applies, collateral estoppel divests a federal district court of subject matter jurisdiction over the precluded issue." *Sank v. City Univ. of N.Y.*, No. 10-CV-4975, 2011 WL 5120668, at *3 (S.D.N.Y. Oct. 28, 2011). New York courts apply the doctrine where "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom issue preclusion is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 94 (2d Cir. 2005) (citation and alterations omitted). It must be "quite clear that these requirements have been satisfied, lest a party be precluded from obtaining at least one full hearing on his or her claim." *Colon v. Coughlin*, 58 F.3d 865, 869 (2d Cir. 1995) (citation and quotation marks omitted). Thus, "[t]he party asserting issue preclusion bears the burden of showing that the identical issue was previously decided, while the party against whom

7

the doctrine is asserted bears the burden of showing the absence of a full and fair opportunity to litigate in the prior proceeding." *Id*. (citation omitted).

Here, as Defendants argue, (Defs.' Mem. 4–5), the central issue underlying the instant Action is identical to that presented in the prior state proceeding. In the state proceeding, Plaintiff proceeded, as relevant here, against Angelina's — Ramirez's employer — alleging that it was vicariously liable (on a theory of respondeat superior) for the injuries Plaintiff sustained in the motor vehicle accident. (State Court Opinion 1.) The core issue was whether Ramirez was acting within or outside the scope of his employment when he struck Plaintiff with his vehicle. (*Id.*) In the instant Action, Plaintiff proceeds against four Tuckahoe police officers (as well as the municipality itself and its police department), alleging that the officers falsified the accident report, in a concerted effort to benefit Angelina's and to harm Plaintiff, by making it appear as though the accident happened later than it did, such that Ramirez would be seen as acting outside the scope of his employment. (Compl. ¶¶ 1, 9–11; Pl.'s First Letter 1–2; Pl.'s Second Letter 1–4; Pl.'s Third Letter 1–2; Pl.'s Fourth Letter 1, 4–6.)

This issue was fully litigated in the prior proceeding. Plaintiff, proceeding with counsel, first filed an opposition to the defendants' pre-discovery motion for summary judgment, which, the state court concluded, "raised an issue of fact as to whether this accident occurred before or after Ramirez's shift had ended," and thus led the court to deny the motion "without prejudice, to renew upon completion of discovery." (State Court Opinion 2; *see also* Defs.' Decl. Ex. B (decision denying pre-discovery motion).) Following completion of discovery and the renewal of the motion for summary judgment, Plaintiff then submitted a second memorandum and affidavit in opposition to the motion, in addition to testifying at a deposition. (State Court Opinion 2.) The court, in considering the motion, concluded that, although the various police

reports, deposition testimony, and other evidence differed as to when exactly the accident occurred — whether slightly before or slightly after 9:00 p.m., the time Ramirez's shift ended — the "unrefuted evidenced establishes that Ramirez was finished with deliveries and was not doing anything in furtherance of his work duties when the accident occurred," and, therefore, that he was not acting within the scope of his employment for purposes of respondeat superior liability when the accident occurred. (*Id.* at 2–4.) Put differently, the state court concluded that the time of the accident in relation to the time Ramirez's shift ended was not dispositive. Plaintiff appealed, and the Appellate Department affirmed. (*See* Pl.'s First Letter 15 (noting that the appeal was "in favor of [the] [d]efendants"); *see also* Defs.' Decl. Ex. D (decision affirming State Court Opinion).) There is thus no doubt that Plaintiff received a full and fair opportunity to litigate the issue or that the issue was actually litigated. *See Smart v. Gifford*, No. 15-CV-8939, 2018 WL 401516, at *5 (S.D.N.Y. Jan. 12, 2018) (holding that the plaintiff was not "denied a full and fair opportunity to litigate this issue, given that she, by counsel, submitted a petition supported by exhibits, as well as a brief and reply to the opposition papers" (citations omitted)), *appeal dismissed*, 2018 WL 3954203 (2d Cir. July 12, 2018).

Finally, the resolution of the issue was clearly necessary to support a valid and final judgment on the merits. That issue — whether Ramirez was acting within or outside the scope of his employment — was at the core of the State Court Action and thus the sole focus of the state court. And the State Court Opinion entering summary judgment against Plaintiff, (State Court Opinion 4), is "considered a decision on the merits" for purposes of collateral estoppel. *DeCastro v. City of New York*, 278 F. Supp. 3d 753, 764 (S.D.N.Y. 2017) (collecting cases).

In sum, the Court concludes that the issue whether Ramirez was acting within or outside the scope of his employment when he struck Plaintiff was squarely raised, fully and fairly

litigated, and finally adjudicated against Plaintiff in the prior proceeding. Therefore, collateral estoppel applies. Accordingly, Plaintiff is precluded from re-litigating the issue here.

### 2. Due Process Claim

Plaintiff brings a Fourteenth Amendment due process claim against Defendants. (Compl. ¶ 26.) This claim, however, is undeveloped — Plaintiff does not indicate whether he intends to bring a procedural or substantive due process claim — and entirely conclusory. For that reason alone, Plaintiff's claim must be dismissed. *See Brooks v. Whiteford*, — F. Supp. 3d —, 2019 WL 2552935, at *5 (W.D.N.Y. June 21, 2019) (dismissing due process claim where the pro se plaintiff "has not even alleged the elements of such claim[], much less presented evidence in support of [it]").

To the extent Plaintiff brings a procedural due process claim, Plaintiff "must establish (1) that he possessed a liberty interest and (2) that [Defendants] deprived him of that interest as a result of insufficient process." *Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004) (citations, quotation marks, and alterations omitted). Plaintiff identifies no liberty or property interest here. Nor does Plaintiff allege that Defendants caused him to be denied any process. Not only was Plaintiff's case fully litigated and appealed, Plaintiff fails to allege that Defendants' alleged falsification of the police reports had *any* effect whatsoever on the underlying proceeding. The state court construed all facts in Plaintiff's favor, (State Court Opinion 3–4), and squarely acknowledged that the police reports contained differing times as to when the accident occurred, (*id.* at 2). Despite this, the state court — in a conclusion that Plaintiff is collaterally estopped from contesting — found that, "[e]ven assuming that there are issues of fact as to whether this accident occurred . . . before the end of Ramirez's shift, the . . . unrefuted evidence establishes that Ramirez was finished with deliveries and was not doing anything in furtherance of his work

when the accident occurred." (*Id.* at 4.) Therefore, as Defendants argue, the state court did not rely on the conflicting police reports. (Defs.' Mem. 4–5.) Put differently, even assuming that Defendants falsified the police reports, Plaintiff cannot show that the falsification caused him to be denied process he was due.

To the extent Plaintiff brings a substantive due process claim, it "is entirely duplicative of any procedural due process claim" because it "seeks to remedy the same harm and challenge the same conduct." *Carnell*, 2019 WL 1171489, at *8 (citation and alterations omitted). It therefore must be dismissed. *Cherry v. N.Y.C. Hous. Auth.*, No. 15-CV-6949, 2017 WL 4357344, at *29 (E.D.N.Y. Sept. 29, 2017) (dismissing substantive due process claim where it was "based on the same facts as [the plaintiff's] procedural due process claim"). In any event, "[s]ubstantive due process protects against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against government action that is incorrect or ill advised," *Cunney v. Bd. of Trs. of Vill. of Grand View*, 660 F.3d 612, 626 (2d Cir. 2011) (citation omitted), that is, government conduct that is "truly brutal and offensive to human dignity," *Lombardi v. Whitman*, 485 F.3d 73, 79 (2d Cir. 2007) (citation and quotation marks omitted). Plaintiff fails entirely to allege facts that plausibly suggest conduct rising to this level.

Accordingly, the Court dismisses Plaintiff's due process claim.

### 3. First Amendment Access-to-Courts Claim

Plaintiff brings a non-specific claim alleging violations of the U.S. Constitution. (Compl. ¶ 20.) Because Plaintiff has also specifically brought claims alleging violations of due process, equal protection, and right to a fair trial, (*id.* ¶¶ 26, 28, 30), the Court construes this claim as one for the denial of Plaintiff's First Amendment right of access to the courts. Defendants argue that Plaintiff fails to state such a claim. (Defs.' Mem. 6–7.)

There are two "variants of right-of-access claims." *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (citation omitted). The first exists where "'systemic official action' frustrate[s] [the plaintiff's] ability to file a suit." *Id.* (quoting *Christopher v. Harbury*, 536 U.S. 403, 413 (2002)). Such a claim is clearly not available here, as Plaintiff brought and fully litigated an action in state court and, following dismissal of that action on summary judgment, filed an appeal. The second variant exists where a suit "'cannot now be tried (or tried at all with material evidence), no matter what official action may be in the future,'" because, for example, "official action 'caused the loss . . . of a meritorious case.'" *Id.* at 127–28 (quoting *Christopher*, 536 U.S. at 413–14). Such a claim exists, as relevant here, "only if . . . official misconduct was so severe as to render hollow [the plaintiff's] right to seek redress," such as where "public officials withheld from the plaintiff 'key facts which would form the basis of the claims for redress." *Id.* at 128 (citations and original alterations omitted). In any event, such a claim is "available only if a judicial remedy was 'completely foreclosed' by the false statement or nondisclosure." *Id.* Here, judicial remedies were not "completely foreclosed" by Defendants' alleged tampering with the police reports. Nor was Plaintiff unaware of any "key facts"; as noted, the precise time the accident occurred was not relied upon by the state court, which construed the time in Plaintiff's favor and still resolved the case against him on the functional basis that "Ramirez was finished with deliveries and was not doing anything in furtherance of his work duties when the accident occurred." (State Court Opinion 4.) Plaintiff thus fails to plausibly allege how he was denied access to the courts. Accordingly, the Court dismisses Plaintiff's First Amendment claim.

### 4. Conspiracy Claim

Plaintiff alleges that Defendants conspired to interfere with his civil rights, in violation of 42 U.S.C. § 1985. (Compl. ¶ 24.) As Defendants argue, however, Plaintiff fails to allege facts

12

plausibly suggesting liability under § 1985. (Defs.' Mem. 7–8.)

To make out a claim of conspiracy under § 1985(3), a plaintiff must make "a showing of class-based invidiously discriminatory animus" on the part of the conspiring parties, *Hickey v. City of New York*, No. 01-CV-6506, 2004 WL 2724079, at *22 (S.D.N.Y. Nov. 29, 2004) (citing *Kush v. Rutledge*, 460 U.S. 719, 726 (1983)), *aff'd*, 173 F. App'x 893 (2d Cir. 2006), as well as provide "some factual basis supporting a meeting of the minds, such that [the] defendants entered into an agreement, express or tacit, to achieve the unlawful end," *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003) (citation and quotation marks omitted). "Claims of conspiracy that are vague and provide no basis in fact must be dismissed." *Germain v. M & T Bank Corp.*, 111 F. Supp. 3d 506, 540 (S.D.N.Y. 2015) (citation, quotation marks, and alterations omitted). Here, Plaintiff's allegation that Defendants conspired against him for the purpose of benefitting Angelina's, (Compl. ¶¶ 1, 9–11), even taken as true, is entirely conclusory. Plaintiff fails to allege facts suggesting that Defendants formed a conspiratorial agreement and that Defendants did so with the intent to discriminate against Plaintiff. Accordingly, Plaintiff fails to state a plausible § 1985 claim. *See Webb*, 340 F.3d at 111 (affirming dismissal of conspiracy claim where "[t]he plaintiffs have not alleged, except in the most conclusory fashion, that any . . . meeting of the minds occurred"); *Benzinger v. NYSARC, Inc. N.Y.C. Chapter*, — F. Supp. 3d —, 2019 WL 2568456, at *7 (S.D.N.Y. June 21, 2019) (dismissing conspiracy claim where the allegations were "devoid of particularized facts"); *Thomas v. Demeo*, No. 15-CV-9559, 2017 WL 3726759, at *12 (S.D.N.Y. Aug. 28, 2017) (dismissing conspiracy claim where the complaint did not "provide even circumstantial allegations that the alleged conspiracy existed, much less any details as to the extent of the alleged agreement or how [the defendants] collectively carried it out"). Accordingly, the Court dismisses Plaintiff's § 1985 conspiracy claim.

### 5. State Law Claims

Plaintiff brings due process, equal protection, and other claims under New York law. (Compl. ¶¶ 14, 18, 26, 28, 30.)

Defendants first argue that all state law claims must be dismissed as to the Village of Tuckahoe because Plaintiff has not demonstrated compliance with New York's notice of claim requirement. (Defs.' Mem. 8.) The Court agrees. Under New York law, "as a condition precedent to bringing a claim against a municipality, a plaintiff must file a notice of claim within 90 days after her claim accrues." *Russell v. Westchester Cmty. Coll.*, No. 16-CV-1712, 2017 WL 4326545, at *5 (S.D.N.Y. Sept. 27, 2017) (citing N.Y. Gen. Mun. Law § 50-e(1)(a)). This rule applies in federal court because "[s]tate claims brought under state law in federal court are subject to state procedural rules." *Id.* (citation omitted). "Federal courts do not have jurisdiction to hear complaints from plaintiffs who have failed to comply with the notice of claim requirement, or to grant permission to file a late notice." *Gibson v. Comm'r of Mental Health*, No. 04-CV-4350, 2006 WL 1234971, at *5 (S.D.N.Y. May 8, 2006) (footnote omitted). Further, "the burden is on [the plaintiff] to demonstrate compliance with the notice of claim requirements." *Peritz v. Nassau County Bd. of Coop. Educ. Servs.*, No. 16-CV-5478, 2019 WL 2410816, at *4 (E.D.N.Y. June 7, 2019) (citations omitted); *see also Naples v. Stefanelli*, 972 F. Supp. 2d 373, 390 (E.D.N.Y. 2013) ("To survive a motion to dismiss, a plaintiff must affirmatively plead that a notice of claim was filed." (citing, inter alia, N.Y. Gen. Mun. Law § 50-e(1)(b)).

Here, Plaintiff has not pleaded (let alone demonstrated) compliance with New York's notice of claim requirements. Accordingly, Plaintiff's state law claims against the Village of Tuckahoe are dismissed. *See El v. City of New York*, No. 14-CV-9055, 2015 WL 1873099, at *8

14

(S.D.N.Y. Apr. 23, 2015) ("Absent a showing of such a notice of claim, the complaint may be dismissed for failure to state a cause of action." (citation omitted)); *Naples*, 972 F. Supp. 2d at 390 (dismissing state law claims against municipality where there was no "allegation that a notice of claim was filed prior to the commencement of [the] action").

Defendants next argue that Plaintiff's claims under the New York Constitution, (Compl. ¶¶ 18, 26, 28, 30), should be dismissed as to all Defendants because they are duplicative of his federal claims. (Defs.' Mem. 9.) The Court agrees. *See Hershey v. Goldstein*, 938 F. Supp. 2d 491, 520 (S.D.N.Y. 2013) (dismissing a plaintiff's claims for constitutional tort because "there is no private right of action under the New York State Constitution where . . . remedies are available under § 1983" (citation omitted)); *see also Allen v. Antal*, 665 F. App'x 9, 13 (2d Cir. 2016) (affirming dismissal of claims brought under the New York Constitution where a § 1983 remedy was available). Accordingly, the Court dismisses Plaintiff's state law constitutional claims as to all Defendants.[3]

### III. Conclusion

For the foregoing reasons, Defendant's Motion To Dismiss is granted. The Complaint is dismissed *without* prejudice. If Plaintiff wishes to file an amended complaint, Plaintiff must do so within 30 days of the date of this Opinion. Plaintiff should include within that amended

---

[3] Because Plaintiff's federal claims have all been dismissed, the Court declines, pursuant to 28 U.S.C. § 1367(c), to exercise supplemental jurisdiction over any state law claims that have not been dismissed. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." (citation omitted)); *Kolari v. New York Presbyterian Hosp.*, 445 F.3d 118, 120 (2d Cir. 2006) (holding that the district court has discretion to decline to exercise supplemental jurisdiction over state law claims where all claims over which it had original jurisdiction were dismissed); *Sadallah v. City of Utica*, 383 F.3d 34, 39–40 (2d Cir. 2004) (directing district court to enter judgment on federal law claims and to "dismiss any state law claims without prejudice" (citing *Gibbs*, 383 U.S. at 726)).

complaint all changes to correct the deficiencies identified in this Opinion that Plaintiff wishes the Court to consider. Plaintiff is further advised that the amended complaint will replace, not supplement, all prior complaints and filings. The amended complaint must contain *all* of the claims, factual allegations, and exhibits that Plaintiff wishes the Court to consider. If Plaintiff fails to abide by the 30-day deadline, his claims may be dismissed with prejudice.

The Clerk of the Court is respectfully requested to terminate the pending Motion, (Dkt. No. 12), and to mail a copy of this Opinion to Plaintiff.

SO ORDERED.

DATED: July 30, 2019
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE